O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., | Case No. EDCV 11- 1767VAP (DTBx) |
| Plaintiff, | **[Motion filed on August 9, 2012]** |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| CAROL FERRARO, and DOES 1 to 10, | |
| Defendants. | |

On August 9, 2012, Plaintiff Cumis Insurance Society, Inc. ("Cumis") filed a Motion for Default Judgment (Doc. No. 19) against Defendant Carol Ferraro.  Ferraro has not responded to the Motion or participated in the lawsuit at any point since it has been filed.  The matter is appropriate for resolution without hearing pursuant to Local Rule 7-15.  For the reasons set forth below, the Court GRANTS the Motion IN PART.  The Court also VACATES the hearing set for September 10, 2012.

**I. BACKGROUND**

**A.  Plaintiff's Allegations**

Defendant Carol Ferraro worked for Chaffey Federal Credit Union ("CFCU") for nineteen years, most recently in the position of Executive Vice President. (Declaration of Kevin Rainbolt ("Rainbolt Decl.") ¶ 10.) From June 1998 to April 2011, without CFCU's knowledge or authorization, Ferraro embezzled money from CFCU by writing checks drawn on CFCU's account payable to herself or her creditors.  (Id. ¶ 11.)

Ferraro concealed her embezzlement by using her access to CFCU's accounting system to allocate balances to other accounts on significant reporting dates, and then to reverse those transactions after the reporting dates had passed.  (Id. ¶ 13.)  CFCU discovered Ferraro's embezzlement while conducting its annual audit in July 2011.  (Id. ¶ 14.)

During the relevant time period, Plaintiff Cumis Insurance Society, Inc. ("Cumis") insured CFCU against employee dishonesty under Bond No. 500-01-08.  (Id. ¶ 3.) Cumis indemnified CFCU for a total loss of $ 959,612.75, of which $ 909,612.75 represented the amount Ferraro embezzled, and $ 50,000 represented expenses incurred by CFCU to investigate and quantify its loss.  (Id. ¶¶ 16–18.)

2

## B.   Procedural History

Cumis filed a Complaint against Ferraro on November 7, 2011, asserting claims for unjust enrichment, fraud, conversion, monies had and received, and equitable subrogation.  (Compl. (Doc. No. 1).)  Ferraro failed to answer or otherwise appear, and the clerk entered default against her on December 7, 2011.  (Doc. No. 7.)

Cumis filed a First Amended Complaint ("FAC") on June 14, 2012, asserting the same claims but an increased amount of damages.  (FAC (Doc. No. 12).)  Ferraro again failed to answer or otherwise appear, and the clerk again entered default on July 19, 2012.  Cumis now moves the Court for default judgment against Ferraro.  (Motion (Doc. No. 19).)

## II. LEGAL STANDARDS

## A.   Requirements of Local Rule 55-1

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) and set forth: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that

1    the Servicemembers Civil Relief Act does not apply; and

2    (5) that notice has been served on the defaulting party

3    if required by Federal Rule of Civil Procedure 55(b)(2).

4

5        Cumis has satisfied the requirements of Local Rule

6    55-1.  (See Declaration of Mark J. Krone ("Krone Decl.")

7    ¶¶ 5-8.)

8

9    **B.  Default Judgment**

10       "Even if entry of default has been made by the court

11   clerk, granting a default judgment is not automatic;

12   rather, it is left to the sound discretion of the court."

13   PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D.

14   Cal. 1999) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092

15   (9th Cir. 1980)); Laborers Health & Welfare Trust Fund

16   for N. Cal. v. Demas Constr., Inc., No. C-96-3132 DLJ,

17   1997 WL 227976, at *1 (N.D. Cal. Mar. 14, 1997) (citing

18   Draper v. Coombs, 792 F.2d 915 (9th Cir. 1986)).

19

20       In exercising its discretion to grant or deny a

21   motion for default judgment, the Court considers the

22   following factors: (1) the possibility of prejudice to

23   plaintiff if relief is denied; (2) the sufficiency of the

24   complaint; (3) the substantive merits of the plaintiff's

25   claim; (4) the amount of money at stake; (5) the

26   possibility of a dispute as to material facts;

27   (6) whether the default was the result of excusable

28

4

1  neglect; and (7) the strong policy of the Federal Rules
2  that favors decisions on the merits (collectively, "Eitel
3  factors").  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th
4  Cir. 1986).  In a default judgment, "well-pleaded factual
5  allegations" are accepted as true.  DirecTV, Inc. v. Hoa
6  Huynh, 503 F.3d 847, 854 (9th Cir. 2007); see Fed. R.
7  Civ. P. 8(b)(6).

8
9                    **III. DISCUSSION**
10     Pursuant to Federal Rule of Civil Procedure 8(b)(6),
11  the Court accepts as true the allegations in the
12  unanswered FAC and statements in the declarations made in
13  support of the Motion.  In support of its Motion, Cumis
14  also provides a copy of the proof of loss CFCU submitted
15  to Cumis in support of its insurance claim (Rainbolt
16  Decl. Ex. 6); a copy of a forensic review by Turner
17  Warren Hwang & Conrad PC, which CFCU submitted to Cumis
18  in support of its insurance claim (id. Ex. 7); a copy of
19  the cancelled checks issued by Ferraro, filed under seal
20  (id. Ex. 8); a copy of a special investigation report,
21  which CFCU submitted to Cumis in support of its insurance
22  claim (id. Ex. 9); and a copy of an investigation report
23  Cumis commissioned (id. Ex. 10).
24
25
26
27
28

**A.   Propriety of Default Judgment**

Having considered the <u>Eitel</u> factors as discussed below, the Court finds that default judgment is appropriate as to three of Plaintiff's claims.

**1.   Substantive Merits & Sufficiency of FAC**

Because the substantive merits of Plaintiff's claims and the sufficiency of its FAC are inextricably intertwined, the Court considers these factors concurrently.  For the following reasons, the Court finds that Cumis's claims for equitable subrogation, unjust enrichment, and conversion have been sufficiently pleaded and have substantive merit.  These two factors thus weigh in favor of granting the Motion.

**(a) Equitable Subrogation**

Cumis's first claim is for equitable subrogation. Equitable subrogation is appropriate under California law where: (1) the insurer has made payment to protect his own interest; (2) the insurer has not acted as a volunteer; (3) the insurer was not primarily liable for the debt paid; (4) the entire debt has been paid; and (5) subrogation will not work an injustice on the rights of others.  <u>Caito v. United Cal. Bank</u>, 20 Cal. 3d 694, 704 (1978).

1    Cumis has alleged that it tendered payment to CFCU
2    for $ 959,612.75, the full known amount of the loss
3    Ferraro caused and the expenses CFCU incurred to
4    investigate that loss, less CFCU's $ 5,000 deductible.
5    (FAC ¶ 15.)  Cumis has supported its claim with
6    declarations and attached documentation.  (Rainbolt Decl.
7    ¶ 18 & Ex. 11.)

8

9           **(b) Unjust Enrichment**
10    Cumis's second claim is for unjust enrichment.  In
11   California, "[t]he elements of an unjust enrichment claim
12   are the 'receipt of a benefit and [the] unjust retention
13   of the benefit at the expense of another.'"  <u>Peterson v.</u>
14   <u>Cellco P'ship</u>, 164 Cal. App. 4th 1583, 1593 (2008)
15   (alteration in original) (quoting <u>Lectrodryer v.</u>
16   <u>SeoulBank</u>, 77 Cal. App. 4th 723, 726 (2000)).

17

18    Cumis alleges that Ferraro's misappropriation of
19   funds conferred a benefit on her of $ 914,612.75 and that
20   her retention of this benefit would be unjust, and has
21   supported this claim with attached documentation.  (FAC
22   ¶ 26; Rainbolt Decl. ¶¶ 11, 17 & Ex. 8.)

23

24           **(c) Conversion**
25    Cumis's fourth claim is for conversion.  The elements
26   of a California conversion claim are: (1) the plaintiff's
27   ownership or right to possession of the property; (2) the
28

7

defendant's conversion by a wrongful act or disposition
of property rights; and (3) damages.  <u>Burlesci v.
Petersen</u>, 68 Cal. App. 4th 1062, 1066 (1998).

Cumis alleges that CFCU was the lawful owner of the
account funds, that Ferraro interfered with CFCU's
ownership rights by taking the funds for her own personal
use, and that, as a result, CFCU suffered damages in the
amount of the funds that were actually taken and the
expenses incurred to investigate and quantify its loss.
(FAC ¶¶ 34-37.)  Cumis supported its claim with attached
documentation and evidence of the checks Ferraro drafted.
(Rainbolt Decl. ¶ 11 & Ex. 8.)

**(d)  Remaining Claims**

Cumis also brought claims for fraud and monies had
and received.  As relief is the same for these claims as
for the meritorious claims discussed above, there is no
need to reach the merits of Plaintiff's remaining claims.

**2.  Amount of Money at Stake**

This factor balances "the amount of money at stake in
relation to the seriousness of Defendant's conduct."
<u>Pepsico</u>, 238 F. Supp. 2d at 1176; <u>see also</u> <u>Eitel</u>, 782
F.2d at 1171-72.  Although Cumis seeks damages of nearly
one million dollars, it is only seeking the amount of the
actual loss caused by Ferraro, which is well supported by

1 the evidence, as well as the cost to investigate and
2 quantify that loss.  Accordingly, this factor does not
3 weigh against the entry of default judgment.
4
5    **3.   Possibility of Prejudice to Plaintiff if Relief**
6        **Is Denied**
7    Cumis has incurred expenses in pursuit of its claims
8 and no other enforceable form of relief against Ferraro
9 exists, so Cumis would suffer prejudice if a default
10 judgment were not entered.  Thus, this factor weighs in
11 favor of granting default judgment.
12
13    **4.   Whether Default Is Result of Excusable Neglect**
14    Here, Ferraro has not responded to any of the filings
15 in the case.  As she has provided no reason for this
16 default, the Court cannot weigh this factor.
17
18    **5.   Strong Policy Favoring Decisions on the Merits**
19    Although the Federal Rules of Civil Procedure
20 strongly favor decisions on the merits, Eitel, 782 F.2d
21 at 1472, that option is unavailable here because Ferraro
22 has not responded.  This factor does not weigh against
23 entry of default judgment.
24
25    The majority of Eitel factors weigh in favor of
26 granting default judgment for Cumis on its claims of
27 equitable subrogation, unjust enrichment, and conversion.
28

The Court therefore GRANTS the Motion as to Cumis's claims for equitable subrogation, unjust enrichment, and conversion.

**B.   Damages**

   Cumis asserts damages and costs of $ 965,128.16, allocated as follows:

- $ 909,612.75, the amount Cumis has paid of CFCU's actual loss;

- $ 5,000, the amount of CFCU's actual loss that was allocated to CFCU's deductible, and not paid by Cumis;

- $ 50,000, the amount Cumis has paid of CFCU's expenses incurred to investigate and quantify the loss;

- $ 515.41 in costs, comprised of filing fees and fees for service of process.

   A subrogated insurer only has a right to sue for the amount of loss that it has actually paid to its insured. See Pac. Gas & Elec. Co. v. Superior Court, 144 Cal. App. 4th 19, 24 (2006). Cumis has not reimbursed CFCU for the $ 5,000 deductible, and has provided no evidence that it is entitled to recover the deductible under any other legal theory. The Court accordingly DENIES Cumis's request for these damages.

1    Cumis's requests for damages as to the amount Cumis
2    actually reimbursed CFCU for actual loss of $ 909,612.75
3    and investigation expenses of $ 50,000 are adequately
4    supported by declarations and attached documentation.
5    Accordingly, the Court GRANTS Cumis's request for damages
6    in the amount of $ 959,612.75.

7

8        The Court does not award costs for filing fees or
9    service of process pursuant to a motion.  Instead, after
10   entry of final judgment, Cumis may file a Notice of
11   Application to the Clerk to Tax Costs in accordance with
12   Local Rule 54-3.  The Court accordingly DENIES Cumis's
13   request for costs without prejudice.

14

15   **C.   Remaining Defendants**
16       Under Rule 4(m) to the Federal Rules of Civil
17   Procedure, a plaintiff must serve summons and complaint
18   on all named defendants within 120 days of filing.
19   Failure to do so can result in dismissal of the action
20   against the unserved defendant for failure to prosecute.
21   See Fed. R. Civ. P. 4(m).  Cumis filed its Complaint on
22   November 7, 2011, and the 120-day window has long passed.
23   All remaining unserved defendants are hereby dismissed
24   for failure to prosecute.

25

26

27

28

1
## IV. CONCLUSION

2      For the foregoing reasons, the Court GRANTS Cumis's

3 Motion IN PART, as set forth above.  The Court also

4 VACATES the hearing set for September 10, 2012.

5

6

7

Dated: August 29, 2012

8                          _____
                                VIRGINIA A. PHILLIPS
9                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28